**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ORLANDO MARION**

                **Plaintiff,**                Case No. 12-cv-12467

**vs.**                                          Hon. Denise Page Hood

**DETROIT POLICE OFFICER MARCELLUS INMAN,**
**BADGE NO.**
**DETROIT POLICE OFFICER WILLIE WILLIAMS**
**BADGE NO. 3155**
**DETROIT POLICE OFFICER J. MCKEE**
**BADGE NO. 4434**
**THE CITY OF DETROIT, a municipal corporation,**
**In each of their official and individual capacities,**
**jointly and severally,**

                **Defendants.**

_____/

| | |
|---|---|
| **STANLEY I. OKOLI (P73722)** | **JAMES D. NOSEDA (P52536)** |
| Attorney for Plaintiff | Attorney for City of Detroit, Mckee |
| 26555 Evergreen Rd, Suite 1500 | Williams and Inman. |
| Southfield, MI 48076 | 660 Woodward Ave, Suite 1800 |
| P- (248) 750-0270 F- (248) 936-2105 | Detroit, MI 48226 |
| Dromano@romanolawpllc.com | (313) 237-3057 |
| sokoli@romanolawpllc.com | nosej@detroitmi.gov |

_____/

**ORDER**

In this case, the Plaintiff, Orlando Marion, contends that the Defendant, Three employees of the Detroit Police Department caused him to suffer physical injuries and emotional distress as

LAW OFFICES
**Robert S. Drazin, P.L.L.C.**
2000 TOWN CENTER • SUITE 810 • SOUTHFIELD, MICHIGAN 48075 • (248) 746-4594

the result of an alleged unwarranted physical altercation. The complaint was filed on June 7, 2012, followed by the issuance of a summons.

Currently before the Court is a motion filed by Plaintiff on October 23, 2012, in which he seeks to obtain an extension of the time to effectuate service of the summons and complaint upon the Defendant. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). In support of this request, Marion states that the failure to serve the Defendant prior to the expiration of the 120-day time period was the result of Defendant evading service that only came to his attention several days after the time to effect service had expired. Thus, he requests that the Court grant him an additional month in which to affect service.

Service was attempted upon Defendant, Marcellus Inman prior to the 120-day time period. Finding that the requested extension will not prejudice the Defendant and that no useful purpose would be served by requiring Plaintiff to file the complaint anew, the Court will grant his request. He must perfect service within one month of the date of this order. Failure to do so, absent a timely and well-supported motion for a further extension, may result the dismissal of this lawsuit. This order will serve as the notice required by Fed. R. Civ. P 4(m) and E.D. Mich. LR 41.2.

s/Denise Page Hood
Denise Page Hood
UNITED STATES DISTRICT JUDGE

Dated:  November 1, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 1, 2012, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager, (313) 234-5165

ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270